# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

```
_____
                              )
George L. Upton,              )
                              )
          Petitioner,         )
                              )
       v.                     )
                              ) CRIMINAL ACTION NO. 02-10243-PBS
United States,                )
                              )
          Respondent.         )
                              )
_____)
```

### MEMORANDUM AND ORDER

May 3, 2011

Saris, U.S.D.J.

## I. INTRODUCTION

Petitioner George Upton moves pursuant to 18 U.S.C. § 2255 to vacate, set aside, or correct his sentence because of alleged ineffective assistance provided by both his trial and appellate counsel.[1] Petitioner claims his trial counsel committed two errors: 1) failure to request a statute of limitations instruction at the charge conference; and 2) failure to consult with petitioner before deciding not to seek a statute of limitations instruction at the charge conference. Petitioner

---

[1] Upton did not file a brief in support of his Motion to Vacate, nor did he file a reply to the government's opposition, despite the procedural order issued by this Court on October 15, 2010. See Docket No. 375.

claims his appellate counsel erred in failing to raise trial counsel's alleged errors on direct review.  For the reasons stated below, petitioner's motion is **DENIED**.

## II. FACTUAL BACKGROUND

The factual background of this case is fully described in United States v. Upton, 559 F.3d 3, 6-7 (1st Cir. 2009), with which the Court assumes familiarity.  A brief synopsis follows. In 1997, petitioner allegedly stole approximately $900,000, and subsequently engaged in financial transactions to conceal the source of the money.  On August 22, 2002, a grand jury indicted petitioner for money laundering, structuring financial transactions to evade reporting requirements, and conspiracy to engage in such structuring.  On May 12, 2004, the grand jury returned a superseding indictment with added counts of conspiracy to commit money laundering, filing a materially false income tax return for the year 1997, and failing to file an income tax return for the year 1999.  Before trial, on October 5, 2004, the Court dismissed the counts alleging money laundering, structuring, and conspiracy to engage in structuring because the five-year statute of limitations period had run.  18 U.S.C. § 3282; United States v. Upton, 339 F. Supp. 2d 190, 196 (D. Mass. 2004).  In October 2004, Upton went to trial on the remaining charges of conspiracy to commit money laundering and the two tax violations.

At trial, the Court held a charge conference the day before the completion of the government's case-in-chief to discuss the jury instructions. At that time, petitioner did not request a jury instruction on the statute of limitations for the conspiracy to commit money laundering count. However, after the government rested, petitioner made such a request. The Court denied the request, finding that the petitioner had waived his right to the instruction because he had not requested it during the charge conference. In addition, petitioner did not submit proposed written instructions prior to the charge conference. After the Court gave its jury instructions, petitioner again objected to the denial of his request for a statute of limitations instruction. The Court overruled the objection. The jury returned a verdict of guilty on all counts on the following day. The Court later denied petitioner's renewed motion for judgment of acquittal based on the Court's refusal to give a jury instruction on the statute of limitations. United States v. Upton, 352 F. Supp. 2d 92, 100 (D. Mass. 2005).

Upton appealed his conviction for conspiracy to commit money laundering, claiming that the Court erred in not instructing the jury on the statute of limitations and in denying his motion for acquittal on statute of limitations grounds. Upton, 559 F.3d at 8. On appeal, Upton's counsel acknowledged that trial counsel[2]

_____

[2] Upton was represented by different counsel at trial and on appeal.

deliberately chose not to request a statute of limitations instruction at the charge conference as a matter of trial strategy, reasoning that raising the issue prior to the close of the government's case might alert the government to a potential weakness in its case and encourage the government to present additional evidence on this point. Id. at 8 & n.4. The First Circuit found this strategic decision to be "a straightforward example of an intentional relinquishment subject to waiver" and noted that, in any event, the district court acted within its discretion by denying Upton's requested instruction because the request was untimely. Id. at 9 (citing Fed. R. Crim. P. 30(a), (d)) (internal quotation marks omitted).

On direct review, petitioner's appellate counsel did not raise the issue of whether petitioner's trial counsel was ineffective for failing to request a jury instruction on the statute of limitations during the charge conference. The First Circuit affirmed the petitioner's conviction.

### III. ANALYSIS

**A.** **Legal Standard**

For the petitioner to succeed on his ineffective assistance claims, he must establish by a preponderance of the evidence that his counsel's representation was so deficient as to fall below "an objective standard of reasonableness" and that "the deficient performance prejudiced his defense." Strickland v. Washington,

466 U.S. 668, 687-88 (1984).  The First Circuit has stated that
the petitioner bears a "heavy burden of proof" to satisfy
Strickland's two-prong test.  Argencourt v. United States, 78
F.3d 14, 16 (1st Cir. 1996).  An attorney "benefits from a strong
presumption that he or she rendered adequate assistance and
exercised reasonable professional judgment in making all
significant decisions."  Sleeper v. Spencer, 510 F.3d 32, 38-39
(1st Cir. 2007).

With respect to the objective reasonableness prong, the
First Circuit has stated that "the defendant 'must identify the
acts or omissions of counsel that are alleged not to have been
the result of reasonable professional judgment,' and the court
then determines whether, in the particular context, the
identified conduct or inaction was 'outside the wide range of
professionally competent assistance.'"  United States v. Manon,
608 F.3d 126, 131 (1st Cir. 2010) (quoting Strickland, 466 U.S.
at 690)).  The petitioner must show that "given the facts known
at the time, counsel's 'choice was so patently unreasonable that
no competent attorney would have made it.'"  Knight v. Spencer,
447 F.3d 6, 15 (1st Cir. 2006) (quoting Strickland, 466 U.S. at
689)).

In judging whether counsel's conduct resulted in prejudice,
the First Circuit focuses on the "fundamental fairness of the
proceeding."  Dugas v. Coplan, 506 F.3d 1, 9 (1st Cir. 2007)

(internal citations omitted).  The petitioner must establish that "but for his counsel's deficiency, there is a reasonable probability he would have received a different sentence." <u>Porter v. McCollum</u>, 130 S. Ct. 447, 453 (2009).

**B.    <u>Ineffective Assistance of Trial Counsel</u>**

The government argues that trial counsel's decision not to seek a statute of limitations instruction at the charge conference was tactical.  The First Circuit explained that Upton's attorney did not want to alert the government to the statute of limitations issue: "Upton points out that a defendant may face a difficult decision when a charge conference is held before the close of the government's case: raising a defense at that point might alert the government to a weakness in its case and encourage the government to seek additional evidence." <u>Upton</u>, 559 F.3d at 8 n.4.  "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable" and "[a] fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time."  <u>Strickland</u>, 466 U.S. at 669, 690.

Without any evidence to suggest that trial counsel did not make an informed strategic decision, this Court must afford

counsel the presumption that his conduct falls within the range of objectively reasonable professional assistance. Id. at 689. Accordingly, the Court finds that petitioner has not demonstrated that his "counsel's choice was so patently unreasonable that no competent attorney would have made it." Knight v. Spencer, 447 F.3d 6, 15 (1st Cir. 2006) (internal quotation marks omitted). Given the First Circuit's finding that "the timing of the [charge] conference was entirely reasonable," Upton 559 F.3d at 8 n.4, trial counsel's tactical decision does not call into question the "fundamental fairness of the proceeding." Dugas, 506 F.3d at 9.

Similarly, trial counsel did not act unreasonably in failing to consult petitioner before deciding not to seek a statute of limitations instruction at the charge conference. The United States Supreme Court has held that "[a]n attorney undoubtedly has a duty to consult with the client regarding important decisions, including questions of overarching defense strategy. That obligation, however, does not require counsel to obtain defendant's consent to every tactical decision." Florida v. Nixon, 543 U.S. 175, 187 (2004). While there are certain "basic rights that the attorney cannot waive without the fully informed and publicly acknowledges consent of the client," including the right to a jury trial and the right to plead not guilty, "the lawyer has - and must have - full authority to manage the conduct

7

of the trial." <u>Taylor v. Illinois</u>, 484 U.S. 400, 417-18, 418 n.24 (1988). Accordingly, counsel did not need to discuss the decision not to seek a statute of limitations instruction with petitioner because the decision was tactical.

The Court finds that Upton has not satisfied the first <u>Strickland</u> prong in support of his claim that his trial counsel provided ineffective assistance.

## C. <u>Ineffective Assistance of Appellate Counsel</u>

Petitioner argues that appellate counsel should have raised the alleged ineffective assistance of petitioner's trial counsel on direct review. The First Circuit considers claims of ineffective assistance of counsel on direct review only "where the critical facts are not genuinely in dispute and the record is sufficiently developed to allow reasoned consideration." <u>United States v. Natanel</u>, 938 F.2d 302, 309 (1st Cir. 1991). In contrast, "fact-specific claims of ineffective assistance cannot make their debut on direct review of criminal convictions, but, rather, must originally be presented to, and acted upon by, the trial court." <u>United States v. Mala</u>, 7 F.3d 1058, 1063 (1st Cir. 1993).

In addition, the First Circuit has held that, in the context of direct appeals of criminal convictions, "[a]ppellate counsel is not required to raise every non-frivolous claim, but rather selects among them to maximize the likelihood of success on the

merits." <u>Lattimore v. Dubois</u>, 311 F.3d 46, 57 (1st Cir. 2002).

Moreover, even if appellate counsel should have raised trial counsel's alleged error on direct review, there is no showing of prejudice. As explained above, the result of petitioner's appeal would not likely have been different if appellate counsel had raised the issue of trial counsel's ineffective assistance because the First Circuit does not normally consider ineffective assistance claims in direct appeals. Petitioner has not established that "but for his counsel's deficiency, there is a reasonable probability he would have received a different sentence." <u>Porter</u>, 130 S. Ct. at 453.

## IV. CONCLUSION

The petitioner has not demonstrated that either his trial or appellate counsel provided ineffective assistance of counsel. For the foregoing reasons, petitioner's motion (Docket No. 374) is **<u>DENIED</u>**.

 PATTI B. SARIS
PATTI B. SARIS
UNITED STATES DISTRICT JUDGE